# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DAVID W. MILLER,**
**Claimant Below, Petitioner**

**FILED**

September 28, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0638** (BOR Appeal No. 2053911)
                    (Claim No. 2014026222)

**ROGERS PETROLEUM, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David W. Miller, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Rogers Petroleum, Inc., by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no permanent partial disability award on July 13, 2016. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 30, 2019, Order. The Order was affirmed by the Board of Review on June 13, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Miller, a heavy equipment fueler, injured his lower back in the course of his employment on August 23, 2013, while pulling on hoses. A treatment note from Raleigh General Hospital that day indicates a diagnosis of degenerative disc disease. A lumbar MRI was performed on September 15, 2013, and was negative for acute findings. The February 20, 2014, Employees' and Physicians' Report of Injury indicates Mr. Miller injured his lower back while pulling and tugging on refueling hoses. The physician's section was completed by John Kominsky, M.D., who listed the affected body parts as the lumbar and sacral spine.

1

Mr. Miller has a history of lower back injuries and issues. On July 24, 2012, he was treated at Plateau Medical Center Emergency Department after he tripped and fell at his home. He reported low back and left-sided chest pain. It was noted that he was on chronic pain medication. He was diagnosed with acute pneumonia and acute lumbar strain. A lumbar x-ray showed compression deformities at T10 and T11 and lumbar degenerative disc disease. On December 4, 2012, Mr. Miller was injured at work when he tripped and fell onto his back and tailbone. A treatment note from Raleigh General Hospital that day indicates he was treated for back pain and diagnosed with degenerative disc disease and myofascial lumbar strain. Lumbar x-rays showed mild degenerative disc disease from L4 to S1.

Mr. Miller sought treatment from Teresa Ricottilli, PA-C, on February 24, 2014, for back pain due to an injury the year prior. Mr. Miller reported continued back pain. He was diagnosed with chronic lower back pain. On March 4, 2014, Paul Bachwitt, M.D., performed an independent medical evaluation for the December of 2014 compensable injury in which he noted the compensable conditions as lumbar sprain and other injury of other sites of the trunk. Dr. Bachwitt found that Mr. Miller had reached maximum medical improvement and assessed 5% impairment.

The claim at issue was held compensable for lumbar and sacrum sprains/strains on June 10, 2014. On August 11, 2014, Mr. Miller returned to Ms. Ricottilli. She noted that he had chronic lower back pain since a December of 2012 work injury. Mr. Miller reported daily lower back pain that radiated down his right leg. He also reported that he has fallen due to his right leg giving out. He walked with a cane. An EMG/NCS was performed on October 13, 2015, for lower back pain and right leg numbness, tingling, and weakness. It showed bilateral tarsal tunnel syndrome as well as chronic L5-S1 radiculopathy. There was no evidence of an ongoing or active process.

In a May 16, 2016, independent medical evaluation, Paul Bachwitt, M.D., noted that Mr. Miller had a work injury in another claim on December 4, 2012. Dr. Bachwitt opined that the injury at issue, sustained on August 23, 2013, resulted in a lumbar sprain/strain. The injury should have resolved within two to three months. Dr. Bachwitt further opined that Mr. Miller's complaints were the result of medical problems unrelated to the compensable injury at issue. Dr. Bachwitt found that Mr. Miller had reached maximum medical improvement for the injury at issue and assessed 5% impairment. He noted that Mr. Miller had previously received a 5% permanent partial disability award for the lumbar spine and was therefore fully compensated. Based on his report, the claims administrator granted no permanent partial disability award on July 13, 2016.

Robert Walker, M.D., performed an independent medical evaluation on May 14, 2018, in which he assessed 10% impairment for range of motion loss, 5% under Category IIB of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), and 5% from Table 83 for a total of 18% whole person impairment. He then placed Mr. Miller in Lumbar Category III of West Virginia Code of State Rules § 85-20 and adjusted the rating to 13% impairment.

In his October 1, 2018, independent medical evaluation, Prasadarao Mukkamala, M.D., noted the compensable conditions of lumbar and sacrum sprains. Dr. Mukkamala found 0% range of motion impairment and 5% impairment from Category IIB of the American Medical

Association's *Guides*. He then placed Mr. Miller in Lumbar Category II of West Virginia Code of State Rules § 85-20. Dr. Mukkamala stated that Mr. Miller had previously received a 5% award and was therefore fully compensated.

The Office of Judges affirmed the claims administrator's denial of a permanent partial disability award in its January 30, 2019, Order. It found that there were three evaluations of record. First, Dr. Bachwitt assessed 5% impairment. He found that Mr. Miller had previously received a 5% award and therefore was fully compensated. Second, Dr. Walker found 13% impairment. The Office of Judges determined that he was the only evaluator of record to find neurological impairment for L5 radiculopathy, which is not a compensable condition in the claim. Dr. Walker's assignment of Mr. Miller to Lumbar Category III was based on lumbar radiculopathy, and he did not apportion his rating for the prior low back injury. The Office of Judges therefore concluded that his findings were unreliable. Third, Dr. Mukkamala found 5% impairment for the lumbar spine, which he found Mr. Miller was already compensated for by his prior permanent partial disability award. The Office of Judges concluded that the findings of Drs. Bachwitt and Mukkamala were the most persuasive of record. It therefore affirmed the denial of a permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 13, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evaluations of Drs. Bachwitt and Mukkamala were more reliable than that of Dr. Walker because Dr. Walker's assessment included noncompensable, preexisting conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 28, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison